UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

        Plaintiff,

    v.                                Case No. 20-C-882

RACINE COUNTY SHERIFF'S OFFICE and
OFFICER GIBBS,

        Defendants.

## SCREENING ORDER

Plaintiff Edward Louis Esposito, who is currently housed at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). On July 1, 2020, the court waived the initial partial filing fee and advised Plaintiff that he could voluntarily dismiss the action within 21 days to avoid paying the filing fee or incurring a possible strike. To date, Plaintiff has not moved to voluntarily dismiss the action. Therefore, Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted and the court will proceed to screen the complaint.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's

2

allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that he was placed on discipline at the Racine County Jail on April 14, 2020. He states that the Racine County Jail takes inmates' mattresses for 12 hours a day, from 8:00 a.m. to 8:00 p.m. Plaintiff claims that on May 5, 2020, he got up from his metal bed at 5:00 p.m. and felt a tear in his lower back. He alleges he could not stand up straight or lay down flat, and by 9:30 p.m., he was not able to move properly. The next day, the nurse checked Plaintiff's back and found a knot in his lower back on the left side. The health care providers placed Plaintiff on medication for pain and scheduled Plaintiff for an ultrasound. Plaintiff underwent the ultrasound on the 28th. Plaintiff claims that most officers would allow Plaintiff to have his mattress, but Officer Gibbs refused Plaintiff his mattress. Plaintiff claims Officer Gibbs also refused to allow Plaintiff to make a sick call and told Plaintiff to stop using his call button.

Plaintiff alleges he started the grievance process on May 5, 2020, based on the removal of his mattress. On May 26, 2020, Plaintiff exhausted his grievances to the sergeant. Plaintiff claims Officer Gibbs refused to sign his grievances correctly, so Plaintiff submitted three more grievances on the next shift. Plaintiff received the grievances in a bundle of four with no signature indicating that Plaintiff can have his mattress back in a couple of days when he is off discipline. Plaintiff claims Officer Gibbs is responsible for the missing signature and that he interfered with and intercepted Plaintiff's grievances to the captain.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Officer Gibbs violated his constitutional rights when he did not allow Plaintiff to have his mattress from 8:00 a.m. to 8:00 p.m. or allow him to make a sick call, even though he was suffering from a back injury. Pretrial detainees are entitled to "adequate medical care," and "[o]fficials violate this duty if they 'display deliberate indifference to serious medical needs of prisoners." *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013) (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006)). At this stage, Plaintiff's allegations are sufficient to state a denial of medical care claim against Officer Gibbs.

Plaintiff claims that Officer Gibbs violated his Fourteenth Amendment right to due process when he interfered with Plaintiff's grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). Though Plaintiff's allegations are unclear as to Officer Gibbs' involvement in the handling and processing of his grievances, Plaintiff alleges that he was able to successfully exhaust his administrative remedies. Therefore, Plaintiff cannot proceed on his claim that Officer Gibbs interfered with the filing of Plaintiff's grievances.

Plaintiff also asserts that Officer Gibbs violated various state criminal statutes. Criminal statutes do not provide for private civil causes of action, however. *See Diamond v. Charles*, 476 U.S. 54, 64–65 (1986). Therefore, these claims will be dismissed. Plaintiff has named the Racine County Sheriff's Office as a defendant, but the complaint contains no allegations against the entity. Therefore, it will be dismissed as a defendant. The court finds that Plaintiff may proceed on his denial of medical care claim against Defendant Gibbs.

4

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Racine County Sheriff's Office is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 12th day of August, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge