UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

        Plaintiff,

    v.                                        Case No. 20-C-882

RYAN GIBBS,

        Defendant.

## DECISION AND ORDER

Plaintiff Edward Louis Esposito, who is representing himself, is proceeding with a claim that Defendant Ryan Gibbs violated his constitutional rights when he did not allow Esposito to have his mattress from 8:00 a.m. to 8:00 p.m. or allow him to make a sick call, even though he was suffering from a back injury. Dkt. No. 11 at 4. On February 1, 2021, Gibbs filed a motion for summary judgment. Dkt. No. 22. The motion is fully briefed and ready for decision. For the reasons explained below, the Court will grant the motion for summary judgment and dismiss this case.

## BACKGROUND

At the relevant time, Esposito was in custody at the Racine County Jail on a probation hold and pending charges. Dkt. No. 36, ¶¶1-2. Gibbs was a correctional officer at the jail. Dkt. No. 23, ¶3. On May 19, 2020, Esposito was housed in disciplinary segregation at the jail. *Id.*, ¶¶4-5. Esposito told Gibbs that he needed his mattress during the day due to back pain. *See id.*, ¶5. Inmates housed in disciplinary segregation are not permitted the use of their mattress during the hours of 8:00 a.m. to 8:00 p.m. for jail security reasons. *Id.*, ¶4. There are medical exemptions to

this policy, but only medical staff have the authority to authorize medical exemptions. *Id.*, ¶17. Correctional officers, such as Gibbs, do not have the authority to issue medical exemptions. *See id.*

Later that same day, Gibbs contacted medical staff regarding Esposito's request to keep his mattress during the day for his back pain. *Id.*, ¶5. Medical staff told Gibbs that Esposito did not have a medical exemption to keep his mattress during the day, *id.*, ¶6, so Gibbs did not give him the requested mattress. Esposito then drafted a medical request regarding his back pain, and Gibbs contacted medical staff to set up an appointment. *Id.*, ¶7. The following day, on May 20, 2020, correctional officer Adam Born (not a defendant) also contacted medical staff regarding Esposito's request for a mattress during the day for his back pain. *Id.*, ¶8. Medical staff similarly told Officer Born that Esposito's medical records did not indicate that he had a medical exemption allowing him to have a mattress during the day, *id.*, ¶9, so Born also did not give Esposito the requested mattress.

On May 22, 2020, Nurse Practitioner Litisha Ramos (not a defendant) saw Esposito in response to his May 19, 2020 medical request. *Id.*, ¶10. Ramos ordered several days of pain relief medication but did not enter any orders allowing Esposito to keep his mattress during the day. *Id.*, ¶¶11, 14. Ramos' assessment/diagnosis notes specifically state that "it is not medically necessary" to exempt Esposito from the mattress policy. *Id.*, ¶15; *see also* Dkt. No. 25-4 at 3.

On May 26, 2020, Esposito again told Gibbs he needed a mattress during the day for his back pain. Dkt. No. 23, ¶12. In response, Gibbs contacted medical staff and was again told that Esposito did not require a mattress for a medical reason. *Id.*, ¶13. Esposito then wrote two inmate grievances concerning his alleged medical need for a mattress accommodation in disciplinary segregation. *Id.*, ¶16. Captain Friend (not a defendant) addressed the inmate grievances and

2

Case 1:20-cv-00882-WCG   Filed 08/02/21   Page 2 of 6   Document 43

concluded that medical staff have the authority to authorize medical exemptions to the mattress policy, and Esposito did not have any such medical exemptions. *Id.*, ¶17.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Gibbs asserts that he is entitled to summary judgment because he was responsive to Esposito's medical concerns by contacting medical staff about his medical requests, and that he denied the request for a mattress only after medical staff told him that Esposito did not have a medical exemption to the mattress policy for his reported back pain. Dkt. No. 24. Gibbs states

3

that he cannot be liable for failing to provide a medical exemption that Esposito was not medically authorized to have. *Id*.

The Court must first determine the legal standard that applies to this case. In the screening order, the Court allowed Esposito to proceed under the Fourteenth Amendment as a pre-trial detainee, *see* Dkt. No. 11, and the defendant drafted his summary judgment materials using this standard, *see* Dkt. Nos. 22-24. Esposito disputes this, *see* Dkt. No. 36, ¶¶ 1-2, and argues that his claim arises under the Eighth Amendment because he was an ordinary prisoner due to his probation hold. The defendant does not appear to challenge the legal standard that Esposito seeks to use, but the Court need not resolve this issue because Esposito's claim fails even under the more lenient Fourteenth Amendment standard. *See, e.g.*, *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004) (noting that a Court may resolve a case at summary judgment without deciding whether the prisoner was a pre-trial detainee or an ordinary prisoner).

To survive summary judgment on a Fourteenth Amendment claim, Esposito must provide evidence from which a reasonable jury could conclude that (1) he had an objectively serious medical condition and (2) Gibbs' response to the medical condition was objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-43 (7th Cir. 2019). Regarding the second prong, Esposito must prove that Gibbs acted "purposefully, knowingly, or perhaps even recklessly" when considering the consequences of his conduct. *Id*. (quoting *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)). Negligence or gross negligence does not meet this standard. *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018). "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—

whether the response was reasonable." *Williams*, 937 F.3d at 942-43 (quoting *McCann*, 909 F.3d at 886).

For purposes of summary judgment, the Court will assume that Esposito's self-reported back pain was an objectively serious medical condition. But no reasonable jury could conclude that Gibbs' response to the medical condition was objectively unreasonable. The undisputed evidence shows that Gibbs did not have the authority to issue the medical exemption that Esposito requested, so he contacted medical staff for direction each time Esposito requested a mattress for his back pain. Gibbs denied the requests for a mattress based on medical staff's direction that Esposito did not have a medical exemption to the mattress policy. Gibbs, as a correctional officer, was entitled to rely on medical staff to make medical decisions. *See Miranda*, 900 F.3d at 344 (holding that jail staff are entitled to rely on the judgment of medical providers regarding medical issues). Gibbs also organized a medical appointment when Esposito filed a medical request on May 19, 2020, and Esposito received medical care for his back following the appointment. Based on this undisputed evidence and the totality of the facts and circumstances, no reasonable jury could conclude that Gibbs' response to Esposito's medical condition was objectively unreasonable. To the contrary, Gibbs was responsive to Esposito's concerns and properly deferred to medical professionals regarding his medical issues. Gibbs is not liable under §1983 for failing to provide a medical restriction that he was not authorized to give, and that Esposito was not medically authorized to have.

Esposito states, "Latisha Ramus [sic] instructed to me they are not responsible for the mattresses while on discipline. They 'medical' cannot interfere with inmates' mattresses while on discipline – medical is not responsible." *See* Dkt. No. 36, ¶11. But Ramos' contemporaneous medical notes directly contradict Esposito's statement. Her notes explicitly state that a medical

exemption to the mattress policy "was not medically necessary;" and therefore, "medical staff will not be interfering with jail disciplinary issues." *See* Dkt. No. 25-4 at 3. In other words, contrary to Esposito's statement, Ramos did not conclude that she *could not* intervene in the mattress policy but instead that she *need not* intervene because there was no medical reason to do so.

Finally, Esposito states that Gibbs violated three Wisconsin state statutes. *See* Dkt. No. 36 at 10. The Court did not allow him to proceed with claims under those state statutes, *see* Dkt. No. 11 at 3-4, and even if it did, violation of state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). The Court will grant Gibbs' motion for summary judgment and dismiss this case.

## CONCLUSION

For these reasons, Gibbs' motion for summary judgment (Dkt. No. 22) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge